UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MI SON CHOI, an individual,

          Plaintiff,

          v.

UNITED STATES OF AMERICA,

          Defendant.

Case No.  06-5511 KLS

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

THIS MATTER came on for trial before the undersigned, upon the consent of the parties, for bench trial on December 3 and 4, 2007.

Mi Son Choi brought this personal injury action against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq.*  The parties agree that the District Court has jurisdiction over FTCA actions pursuant to 28 U.S.C. § 1346.  This claim revolves around a motor vehicle accident which occurred on April 1, 2004.  The Defendant has admitted liability and the only issues for resolution by the court are the nature and extent of injuries sustained by Mi Son Choi as well as an award for special and general damages.

## FINDINGS OF FACT

**1.  Facts of the Accident.**  This is a case of admitted liability therefore the facts of the accident are not relevant to the issues before the court.  However, a brief summary of the facts will assist in creating an entire picture of this case.  The accident occurred when Darwin Armajo, a federal employee of the United

States Army who was driving a large truck, made a left turn onto Steilacoom Boulevard after having stopped at a stop sign.  Mr. Armajo intended to cross two lanes of traffic and then merge into traffic going in the opposite direction.  He checked for traffic and he did not see any.  He drove across Steilacoom Boulevard, at a speed between 3 to 5 mph, but before he completely crossed the two lanes of traffic and as he was turning left he felt a bump and then saw the plaintiff's car come out on the right side of his truck. He made a large u-turn and drove his truck back into the parking lot, called 911 to report an accident and walked across the street to the location of the plaintiff's car.  Mrs. Choi was traveling at approximately 35 mph immediately prior to the motor vehicle accident and she was not able to avoid the accident.  Mrs. Choi was driving a 1989 Ford Taurus station wagon.  She felt that her car flew in the air as a consequence of the accident.  Mrs. Choi was evaluated by paramedics at the scene of the accident and then was taken home by her son.

## PROPERTY DAMAGE

2.  The Plaintiff's 1989 Ford Taurus station wagon was totaled as a result of the motor vehicle accident.  The parties stipulated to property damage to the vehicle in the amount of $1,920. (Exhibit P).

## MEDICAL CARE AND TREATMENT

3.  Mrs. Choi went to St. Clare Hospital Emergency Room the day of the accident.  (The medical records are contained in Exhibit A.)  She complained of mild pain in her left arm, leg and wrists as well as in her neck and back.  The physical exam found her to be alert and in no apparent distress with no evidence of head trauma.  Examination of the back and extremities was within normal limits.  An x-ray of the cervical spine was ordered which showed mild degenerative changes with no evidence of acute fracture or subluxation in the cervical spine.  The emergency room physician released the Plaintiff with a diagnosis of cervical strain.  This medical care and treatment were reasonable, necessary and related to the motor vehicle accident.

4.  Mrs. Choi was treated by Dr. Steve Baek, D.C. at the Care Love Chiropractic Clinic between April 2, 2004 and November 8, 2004.  (The medical records are contained in Exhibit B.)   Dr. Baek did not testify at the trial. Dr. Baek recommended the Plaintiff not perform any work from April 1, 2004 through June 30, 2004.  The Court reviewed all of Dr. Baek's records, some of which were difficult to interpret and/or read.  It appears that at the initial visit, Mrs. Choi complained of dizziness, occasional

headache, nausea, pain mostly on the left side with severe cervical and thoracic spinal pain rated at 9 out of 10.  She also complained of numbness in the left hand and forearm after the accident.  The doctor initially assessed Mrs. Choi with cervical radiculitis, a sprain/strain, right upper shoulder myalgia, and post traumatic stress headache.  Dr. Baek re-examined the Plaintiff on October 6, 2004 at which time he found full range of motion of the spine and shoulder with some increased tenderness noted in the cervical spine.  Mrs. Choi's last visit was on November 8, 2004 when she complained of feeling stiff in her right shoulder and neck.  She also had a hard time sitting down for awhile due to low back pain.  On a scale of 1 to 10 she rated her pain as a 2.  Treatment was provided for her cervical spine and in the L4-5 area of the low back.  All of Dr. Baek's care and treatment was reasonable, necessary and related to the motor vehicle accident.

3.  During the course of her treatment, Dr. Baek requested an MRI in May 2004, which was done at TRA Medical Imaging Centers (Exhibit C).   The MRI did not show any acute injury to the spine although mild degenerative spondyloarthropathy was noted at L4-5.  This MRI was reasonable, necessary and related to the motor vehicle accident.

4.  Dr. Baek also referred Mrs. Choi to Dr. Zoltani at Pacific Northwest Neurology, whose records are contained in Exhibit E.  Dr. Zoltani saw the plaintiff on July 19, 2004 and again on September 22, 2004.  At the initial visit Mrs. Choi stated that it was difficult for her to stand or to sit in the car for any length of time.  She complained of headaches, neck, mid back and low back discomfort with tingling sensations in the arms, legs and feet.  Dr. Zoltani was of the opinion that Mrs. Choi's complaints were not the result of a cervical or lumbar radiculopathy.  He also was of the opinion that "there certainly seems to be some magnification in her pain and some nonorganicity to some of her clinical findings" and he noted that her subjective complaints of pain were far out of proportion to any objective findings.  He did order injections.  At the last visit the doctor found no pathology that would explain the degree of symptoms she alleged, he felt her complaints were far out of proportion to any objective findings and concluded that there was a great deal of psychogenic contribution to her ongoing complaints.  Dr. Zoltani's care and treatment was reasonable, necessary and related to the motor vehicle accident.

5.  During the course of care provided by Dr. Baek, Mrs. Choi received acupuncture treatments. (Exhibit I).  The treatment notes show that Mrs. Choi experienced improvement in her symptoms in the last six visits between July 29, 2004 and August 19, 2004.  There is no dispute between the parties that this

1   care and treatment was reasonable, necessary and related to the motor vehicle accident.

2        6.  Mrs. Choi was treated by Dr. Young Lee at Christian Family Care Clinic, whose records are

3   contained in Exhibit D.  Dr. Young testified via preservation deposition, Exhibit K.  Dr. Young first saw

4   Mrs. Choi on January 5, 2005 and last saw her on October 6, 2005.  Dr. Lee attempted to treat Mrs. Choi

5   for her various complaints but he could not medically relate her complaints to the motor vehicle accident.

6   Dr. Lee's care and treatment was not related to the motor vehicle accident.

7        7.  Mrs. Choi saw other treatment providers after seeing Dr. Lee but there has been no medical

8   opinion testimony to support a conclusion that such care and treatment was reasonable, necessary or

9   related to the motor vehicle accident.  The Court concludes that such care and treatment was not

10  reasonable, necessary or related to the motor vehicle accident.

11       8.  Mrs. Choi was seen by Dr. Colfelt on August 9, 2007, for a medical examination performed at

12  the request of the Defendant.  Dr. Colfelt testified by way of video taped deposition, the transcript of which

13  is Exhibit Q and exhibits referenced therein are found at Exhibit R.  Dr. Colfelt was the only testifying

14  physician who provided a medical opinion regarding the nature and extent of injuries sustained by the

15  plaintiff as a result of the motor vehicle accident.

16       9.  As a result of the motor vehicle accident, Mrs. Choi sustained injuries consisting of a cervical,

17  thoracic and lumbar strain.  While Mrs. Choi has consistently voiced other complaints to her medical care

18  providers, no provider has attributed those diffuse complaints to the motor vehicle accident and in many

19  instances they have been concerned that the complaints are psychogenic and not the result of any

20  impairment to the nervous system or attributable to a medical or neurological condition.

21       10.  Mrs. Choi's husband and two sons testified on her behalf and provided detailed testimony

22  regarding what Mrs. Choi was able to do prior to the accident and how she is extremely limited in her

23  activities since the accident.  Before the accident, she was responsible for all of the household chores and

24  she was able to accomplish all of them.  She also worked for the Korean Women's Association and

25  provided similar household help to other individuals.  It is clear to the Court that Mrs. Choi was a hard

26  worker and generally without any significant health complaints before the accident.  Following the motor

27  vehicle accident Mrs. Choi is extremely limited in her ability to accomplish her household chores,  she has

28  not returned to work, she has difficulty holding objects in her hands and she is fearful when riding in a car.

Mrs. Choi confirmed these limitations when she testified.  However, in order for the Court to consider these restrictions and limitations, there must be objective medical testimony which connects up the complaints and limitations to injuries sustained in the motor vehicle accident.  That testimony is absent.

11.  There is no need for future medical care or treatment for any injuries sustained in the motor vehicle accident.

12.  Mrs. Choi missed work as a result of the injuries sustained in the motor vehicle accident.  At the time of the accident she was employed by the Korean Women's Association and earned $8.65 hour and worked 38 hours per week.  Dr. Baek recommended that Mrs. Choi not work from April 1, 2004 through June 30, 2004, which is 13 weeks.  Mrs. Choi sustained a wage loss in the sum of $4,273.10.  Mrs. Choi was paid $1,400 under her PIP coverage for her automobile insurance.  The Defendant has reimbursed the insurer for this sum.  Therefore, the balance of wage loss is $2,873.10.

13.  All of the medical bills which were reasonably and necessarily related have been paid on behalf of Mrs. Choi except for the sum of $2,847.01.  This sum includes $1,402.00 to Care Love Chiropractic Center, $804.61 to St. Clare Hospital, $367.10 to Pacific NW. Neurology, $69.30 to Community Health Care and $204.00 for ER Physician on April 1, 2004.

14.  Mrs. Choi is entitled to an award of general damages to compensate her for the nature and extent of her injuries, any disability and loss of enjoyment of life, and for her pain and suffering.  Any limitation on the award is that these injuries must be causally related to the motor vehicle accident.

15.  Mrs. Choi received treatment related to her injuries from April 1, 2004 through November 8, 2004.  While she saw additional care providers following that date, that care was not related to the injuries sustained in the motor vehicle accident.  She had soft tissue injures to her neck, mid and low back with no medically related radiculopathy.  During the course of the related treatment she was limited in what she could accomplish at home and was restricted from returning to work for 13 weeks.  This Court understands that Mrs. Choi feels her continuing complaints are related to the motor vehicle accident.  However, no medical care provider has provided an opinion to support that conclusion.

## CONCLUSIONS OF LAW

1.  Mrs. Choi was injured in the motor vehicle accident, which was caused by the Defendant.  She is therefore entitled to an award of special and general damages, which is set forth below.

2.  Mrs. Choi is entitled to an award for property damage in the sum of $1,920.00 for the value of her motor vehicle, as stipulated by the parties.

3.  Mrs. Choi is entitled to an award for the balance of related medical bills in the sum of $2,847.01.

4.  Mrs. Choi is not entitled to an award for future medical care or treatment.

5.  Mrs. Choi is entitled to an award for lost wages in the sum of $2,873.10.  This amount is in addition to the $1,400.00 already paid to Mrs. Choi.

6.  Mrs. Choi is not entitled to an award for future lost wages.

7.  Mrs. Choi is entitled to an award for general damages in the sum of $12,500.00.

This results in a total judgment of $20,140.11, which sum is in addition to amounts already paid to the Plaintiff.

DATED this 5th day of December, 2007.

Karen L. Strombom
United States Magistrate Judge