UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MI SON CHOI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. C06-5511 KLS<br><br>ORDER DENYING MOTION TO REVIEW DENIAL OF COSTS |

　　　This matter comes before the court on the motion of the defendant to reconsider the Clerk's refusal to award costs to the Defendant on the grounds that their Motion for Costs (Dkt. #37) was filed late.

　　　This Court is considering the Defendant's Motion for Reconsideration (Dkt. #41) as a Motion to Review pursuant to Fed. R. Civ. P. 54(d)(1) as the Court is not in a position to "reconsider" a ruling that it did not make in the first instance.

**PROCEDURAL BACKGROUND**

　　On November 16, 2007 the United States of American submitted an Offer of Judgment to the Plaintiff pursuant to Fed. R. Civ. P. 68. (Dkt. #37, Exhibit B). The Plaintiff did not accept the Offer of Judgment. This case went to trial before the undersigned and the Clerk entered a Judgment in a Civil Case in favor of the Plaintiff on December 5, 2007. (Dkt. #36).

　　The Defendant filed its Motion for Costs on January 8, 2008 (Dkt. #37) which was 34 calendar days following entry of the judgment. On January 31, 2008 the Clerk of the Court denied costs on the

Order Denying Motion to Review
Page - 1

ground that the Motion for Costs was not filed within 20 days of the entry of judgment as required by Local Rule 54(d)(1). (Dkt. #40). The Clerk concluded that he therefore had no authority to award costs under the circumstances. (*Id.*).

The Defendant filed its motion to review on February 8, 2008, nine days after the clerk's action. The Court notes, however, pursuant to Fed. R. Civ. P. 6 that Saturday and Sunday are excluded from this calculation, so the motion was filed, for purposes of this motion, seven days after the clerk's action.

The United States asks the undersigned to review the Clerk's order on the grounds that its motion was based on Fed. R. Civ. P. 68 which does not set forth a specific time within which the motion must be filed. The Government also points out that Local Rule 54, by its language, applies only to "[t]he party in whose favor a judgment is rendered." Inasmuch as a judgment was entered in favor of the Plaintiff, the Defendant asserts that this Local Rule is not applicable in this situation and the time limits therefore do not apply.

## APPLICABLE CIVIL RULES

Local Rule 54(d)(1) permits an award of costs to "[t]he party in whose favor a judgment is rendered" and requires that party to "file and serve a motion for costs and necessary disbursements" within twenty days after the entry of the judgment.

Local Rule 54(d)(3) requires the clerk of the court to consider and decide **all motions for costs**. (emphasis added).

Fed. R. Civ. P. 54(d)(1) provides as follows:

> Costs Other Than Attorney's Fees. Unless a federal statute, **these rules**, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. . . . The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action**.** (emphasis added).

## DISCUSSION

The language of Local Rule 54(d)(1) applies only to the Plaintiff as she is the party in whose favor a judgment was rendered. It does not, by definition, apply to the Defendant. The twenty day time requirement is, therefore, not applicable.

Fed. R. Civ. P. 68 does not set forth a time within which a motion for costs must be filed nor is there any such limitation included in Fed. R. Civ. P. 54 (d)(1).

Order Denying Motion to Review
Page - 2

There is, however, a requirement that a motion for "attorney's fees and related nontaxable expenses" be made by motion filed no later than 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). It is arguable that the request made by the Defendant in this motion is a "related nontaxable expense," particularly in light of the fact that the United States' Offer of Judgment put the plaintiff on notice that should the Plaintiff reject the offer and recover less than offered, that it would request "an award of reasonable costs and attorneys fees." However, this Court need not decide this issue in light of its decision regarding the applicability of Fed. R. Civ. P. 54(d)(1).

Local Rule 54(d)(3) clearly requires the clerk of the court to consider all motions for costs, regardless of the party filing the motion. The clerk of this court followed that rule and issued his decision on January 30, 2008 in which he denied an award of costs. Fed. R. Civ. P. 54(d)(1) then requires a motion for review to be filed within the next 5 days after the clerk's action. The Defendant's motion was filed seven days following the clerk's action (excluding the intervening Saturday and Sunday). The Motion to Review (Dkt. #41) was not timely filed pursuant to Fed. R. Civ. P. 54(d)(1) and is therefore DENIED.

DATED this 19th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge